USDC SCAN INDEX SHEET



LMM     8/2/99    12:35
3:99-CV-00647    TURN KEY TECH V. HITACHI MAXELL
*7*
*ANS/CNT.*

1  Robert C. Longstreth (State Bar No. 141714)
   GRAY CARY WARE & FREIDENRICH LLP
2  401 B Street, Suite 1700
   San Diego, California 92101-4297
3  Telephone:    (619) 699-4718
   Facsimile:    (619) 236-1048
4  Attorneys for Defendant
   MAXELL CORPORATION OF AMERICA
5
   Of Counsel:
6  John C. Altmiller
   Brian M. Koide (State Bar No. 191852)
7  KENYON & KENYON
   1500 K Street, N.W., Suite 700
8  Washington, D.C. 20005-1247
   Telephone:    (202) 220-4200
9  Facsimile:    (202) 220-4201

FILED
99 AUG -2 AM 9:00

DEPUTY
NUNC PRO TUNC
JUL 29 1999

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TURN-KEY-TECH, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HITACHI MAXELL, LTD. and<br>MAXELL CORPORATION OF AMERICA,<br><br>    Defendants. | Case No. 99-cv-0647 BTM (AJB)<br><br>ANSWER AND COUNTERCLAIM<br><br>DEMAND FOR JURY TRIAL |

Defendant Maxell Corporation of America ("MCA") hereby answers the Complaint for Patent Infringement of Plaintiff Turn-Key-Tech, LLC ("Turn-Key") as follows:

**RESPONSES TO COMPLAINT**

1. MCA is without knowledge or information sufficient to form a belief as to the allegations of paragraph 1.

2. Admitted.

3. Admitted.

4. Admitted.

5. MCA admits that district courts have exclusive and original jurisdiction over this dispute pursuant to Title 28,

United States Code §§ 1331, 1332(a), and 1338(a). MCA denies the remaining allegations of paragraph 5.

6. MCA admits that venue is proper under Title 28, United States Code §§ 1391(b), (c), and (d) and 1400. MCA admits that it has a regular and established place of business in the Southern District of California. MCA also admits that it resides in the Southern District of California. MCA denies the remaining allegations of paragraph 6.

7. MCA admits that a copy of U.S. Patent No. 5,045,268 entitled "Cross-Lamination Injection Molding" ("the '268 Patent") is attached to the Complaint as Exhibit 1. MCA admits that the '268 Patent issued on September 3, 1991. MCA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

8. MCA admits that a copy of an "Acknowledgment of Exclusive License under U.S. Patent No. 5,045,268" is attached to the Complaint as Exhibit 2. MCA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9. MCA is without knowledge or information sufficient to form a belief as to the allegations of paragraph 9.

10. Admitted.

11. MCA admits that it has in the past and presently uses, sells, and/or offers for sale within the United States and within the Southern District of California and/or imports into the United States Maxell MX-S 100 audio cassettes. MCA denies the remaining allegations of paragraph 11.

/////

GRAY CARY WARE & FREIDENRICH LLP

12. MCA admits that it has in the past and presently makes, uses, sells, and/or offers for sale within the United States and within the Southern District of California and/or imports into the United States products under the name Maxell. MCA denies the remaining allegations of paragraph 12.

13. Denied.

14. Denied.

15. Denied.

## AFFIRMATIVE DEFENSES

1. MCA does not engage in any activity that would constitute an infringement of the claims of the '268 Patent.

2. On information and belief, each claim of the '268 Patent is invalid for failure to comply with one or more of the conditions of patentability specified in Part II of Title 35 of the United States Code.

3. On information and belief, each claim of the '268 Patent is unenforceable for failure to comply with one or more of the conditions of patentability specified in Part II of Title 35 of the United States Code.

4. Venue of this action is inconvenient in this judicial district. Pursuant to 28 U.S.C. § 1404(a), this case should be transferred to the United States District Court for the District of New Jersey, the location of MCA's principal place of business.

5. Turn-Key-Tech's ("Turn-Key") claim for damages must be barred and/or reduced under the equitable doctrine of laches.

6. Turn-Key's claim for damages must be barred and/or reduced under the equitable doctrine of estoppel.

/////

7. Turn-Key's claim for damages must be barred and/or reduced under the equitable doctrine of acquiescence.

## COUNTERCLAIM

MCA alleges as follows:

1. MCA repeats and realleges each and every allegation contained in paragraphs 1-15 of its Responses to Complaint and in paragraphs 1-7 of its Affirmative Defenses as if fully set forth herein.

2. MCA is a New Jersey corporation with its principal place of business in Fair Lawn, New Jersey.

3. On information and belief, Turn-Key is a California corporation with its principal place of business in San Diego, California.

4. In paragraph 8 of the Complaint, Turn-Key alleges that TURN-KEY is the exclusive licensee of the '268 Patent holding all substantial rights in and to the '268 Patent including the right to enforce the '268 Patent in its own name.

5. This is a counterclaim by MCA for a declaratory judgment of invalidity, unenforceability, and non-infringement of the '268 Patent.

6. This action arises under, and this Court has jurisdiction based upon, Title 28, United States Code, §§ 1338(a), 2201, and 2202 and the Patent Laws of the United States, Title 35, United States Code.

7. Venue is proper in this district in accordance with Title 28, United States Code, § 1391 (b) and (c).

8. In paragraph 11 of the Complaint, Turn-Key has alleged that MCA makes, uses, sells, and/or offers for sale within the

GRAY CARY WARE & FREIDENRICH LLP

United States and/or imports into the United States Maxell MX-S 100 audio cassettes and/or components.

9. In paragraph 12 of the Complaint, Turn-Key has alleged that MCA makes, uses, sells and/or offers for sale within the United States and/or imports into the United States "other Maxell brand products and or components thereof." .

10. An actual controversy, within the meaning of Title 28, United States Code, § 2201, exists between MCA and Turn-Key with respect to the infringement, validity, and enforceability of the '268 Patent.

11. MCA has not infringed, and is not infringing, the '268 Patent.

12. The '268 Patent is invalid for failure to satisfy the conditions of patentability set forth by the Patent Laws of the United States, Title 35, United States Code.

13. The '268 Patent is unenforceable for failure to satisfy the conditions of patentability set forth by the Patent Laws of the United States, Title 35, United States Code.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MCA hereby demands a trial by jury as to all issues in this lawsuit.

WHEREFORE, MCA prays for judgment:

(1) Dismissing the Complaint in its entirety with prejudice;

(2) That Turn-Key is not entitled to the relief prayed for in its Complaint or to any relief whatsoever;

(3) Declaring that U.S. Patent No. 5,045,268 is invalid;

(4) Declaring that U.S. Patent No. 5,045,268 is void;

(5) Declaring that U.S. Patent No. 5,045,268 is unenforceable;

(6) Declaring that U.S. Patent No. 5,045,268 has never been, and is not now, infringed by MCA in this judicial district or anywhere in the United States;

(7) That no damages or royalties are due or owing by MCA for any of the acts alleged by Turn-Key in the Complaint;

(8) Declaring that this is an exceptional case under 35 U.S.C. § 285; and

(9) Awarding MCA its costs, attorney's fees, and disbursements and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: July 28, 1999

*/s/ Robert C. Longstreth*
Robert C. Longstreth
(State Bar No. 141714)
GRAY CARY WARE & FREIDENRICH LLP
401 B Street, Suite 1700
San Diego, California 92101-4297
Telephone:     (619) 699-4718
Facsimile:     (619) 236-1048

Attorneys for Defendant
MAXELL CORPORATION OF AMERICA

Of Counsel:
John C. Altmiller
Brian M. Koide
(State Bar No. 191852)
KENYON & KENYON
1500 K Street, N.W., Suite 700
Washington, D.C. 20005-1247
Telephone:     (202) 220-4200
Facsimile:     (202) 220-4201

## PROOF OF SERVICE BY FEDERAL EXPRESS

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within cause. My business address is Gray Cary Ware & Freidenrich, 401 B Street, Suite 1700, San Diego, California 92101-4297.

I served the below listed document(s) described as:

***ANSWER AND COUNTERCLAIM and DEMAND FOR JURY TRIAL***

on July 28, 1999 on the following parties to this cause by Federal Express delivery of a copy of the above document(s) as follows:

| | |
|---|---|
| Douglas E. Olson, Esq.<br>Stephen S. Korniczky, Esq.<br>Lyon & Lyon LLP<br>4225 Executive Square, Suite 800<br>La Jolla, CA  92037 | Sandeep Seth, Esq.<br>Litigation & Trial Counsel<br>TURN-KEY-TECH, LLC<br>9930 Mesa Rim Road<br>San Diego, CA  92121 |

The Federal Express was deposited as described above at 401 B Street, Suite 1700, San Diego, California 92101-4297.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 28, 1999, at San Diego, California.

*[signature]*
Michaelle F. Kelly