USDC SCAN INDEX SHEET



LMM     10/15/99    12:27
3:99-CV-00647   TURN KEY TECH V. HITACHI MAXELL
*12*
*ANS/CNT.*

```
 1  Robert C. Longstreth (State Bar No. 141714)
    GRAY CARY WARE & FREIDENRICH LLP
 2  401 B Street, Suite 1700
    San Diego, California 92101-4297
 3  Telephone:    (619) 699-4718
    Facsimile:    (619) 236-1048
 4  Attorneys for Defendant
    MAXELL CORPORATION OF AMERICA
 5

 6  Of Counsel:
    John C. Altmiller
 7  Brian M. Koide (State Bar No. 191852)
    KENYON & KENYON
 8  1500 K Street, N.W., Suite 700
    Washington, D.C. 20005-1247
 9  Telephone:    (202) 220-4200
    Facsimile:    (202) 220-4201
10
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TURN-KEY-TECH, LLC, | Case No. 99-cv-0647 BTM (AJB) |
|---|---|
| Plaintiff, | |
| v. | ANSWER AND COUNTERCLAIM |
| HITACHI MAXELL, LTD. and MAXELL CORPORATION OF AMERICA, | DEMAND FOR JURY TRIAL |
| Defendants. | |
| HITACHI MAXELL, LTD. And MAXELL CORPORATION OF AMERICA, Counter-Plaintiffs, | |
| v. | |
| TURN-KEY-TECH, LLC, | |
| Counter-Defendant. | |

Defendant Hitachi Maxell, Ltd. ("HML") hereby answers the Complaint for Patent Infringement of Plaintiff Turn-Key-Tech, LLC ("Turn-Key") as follows:

/////

**RESPONSES TO COMPLAINT**

1. HML is without knowledge or information sufficient to form a belief as to the allegations of paragraph 1.

2. Admitted.

3. Admitted.

4. Admitted.

5. HML admits that district courts have exclusive and original jurisdiction over this dispute pursuant to Title 28, United States Code §§ 1331, 1332(a), and 1338(a). HML denies the remaining allegations of paragraph 5.

6. HML admits that venue is proper under Title 28, United States Code §§ 1391(b), (c), and (d) and 1400. HML admits that it is an alien corporation. HML denies the remaining allegations of paragraph 6.

7. HML admits that a copy of U.S. Patent No. 5,045,268 entitled "Cross-Lamination Injection Molding" ("the '268 Patent") is attached to the Complaint as Exhibit 1. HML admits that the '268 Patent issued on September 3, 1991. HML is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

8. HML admits that a copy of an "Acknowledgment of Exclusive License under U.S. Patent No. 5,045,268" is attached to the Complaint as Exhibit 2. HML is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9. HML is without knowledge or information sufficient to form a belief as to the allegations of paragraph 9.

10. Admitted.

11. HML admits that it has sold and offered for sale Maxell MX-S audio cassettes to the United States military. HML delivered MX-S audio cassettes to a United States military base in Yokota, Japan. On information and belief, the United States military transports these MX-S audio cassettes to a military base on Guam where they were offered to be resold and resold. HML denies the remaining allegations of paragraph 11.

12. HML admits that it has sold and offered for sale products under the name Maxell to the United States military. HML delivered products under the name Maxell to a United States military base in Yokota, Japan. On information and belief, the United States military transports these products under the name Maxell to a military base on Guam where they were offered to be resold and resold. HML denies the remaining allegations of paragraph 12.

13. Denied.

14. Denied.

15. Denied.

**AFFIRMATIVE DEFENSES**

1. HML does not engage in any activity that would constitute an infringement of the claims of the '268 Patent.

2. On information and belief, each claim of the '268 Patent is invalid for failure to comply with one or more of the conditions of patentability specified in Part II of Title 35 of the United States Code.

3. On information and belief, each claim of the '268 Patent is unenforceable for failure to comply with one or more of

/////

the conditions of patentability specified in Part II of Title 35 of the United States Code.

4. Venue of this action is inconvenient in this judicial district. Pursuant to 28 U.S.C. § 1404(a), this case should be transferred to the United States District Court for the District of New Jersey, the location of Maxell Corporation of America's principal place of business.

5. Turn-Key claim for damages must be barred and/or reduced under the equitable doctrine of laches.

6. Turn-Key's claim for damages must be barred and/or reduced under the equitable doctrine of estoppel.

7. Turn-Key's claim for damages must be barred and/or reduced under the equitable doctrine of acquiescence.

**COUNTERCLAIM**

HML alleges as follows:

1. HML repeats and realleges each and every allegation contained in paragraphs 1-15 of its Responses to Complaint and in paragraphs 1-7 of its Affirmative Defenses as if fully set forth herein.

2. HML is a Japanese corporation with its principal place of business in Osaka, Japan.

3. On information and belief, Turn-Key is a California corporation with its principal place of business in San Diego, California.

4. In paragraph 8 of the Complaint, Turn-Key alleges that Turn-Key is the exclusive licensee of the '268 Patent holding all substantial rights in and to the '268 Patent including the right to enforce the '268 Patent in its own name.

5.  This is a counterclaim by HML for a declaratory judgment of invalidity, unenforceability, and non-infringement of the '268 Patent.

6.  This action arises under, and this Court has jurisdiction based upon, Title 28, United States Code, §§ 1338(a), 2201, and 2202 and the Patent Laws of the United States, Title 35, United States Code.

7.  Venue is proper in this district in accordance with Title 28, United States Code, § 1391 (b) and (c).

8.  In paragraph 11 of the Complaint, Turn-Key has alleged that HML makes, uses, sells, and/or offers for sale within the United States and/or imports into the United States Maxell MX-S 100 audio cassettes and/or components.

9.  In paragraph 12 of the Complaint, Turn-Key has alleged that HML makes, uses, sells and/or offers for sale within the United States and/or imports into the United States "other Maxell brand products and or components thereof."

10. An actual controversy, within the meaning of Title 28, United States Code, § 2201, exists between HML and Turn-Key with respect to the infringement, validity, and enforceability of the '268 Patent.

11. HML has not infringed, and is not infringing, the '268 Patent.

12. The '268 Patent is invalid for failure to satisfy the conditions of patentability set forth by the Patent Laws of the United States, Title 35, United States Code.

/////
/////

13. The '268 Patent is unenforceable for failure to satisfy the conditions of patentability set forth by the Patent Laws of the United States, Title 35, United States Code.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, HML hereby demands a trial by jury as to all issues in this lawsuit.

WHEREFORE, HML prays for judgment:

(1) Dismissing the Complaint in its entirety with prejudice;

(2) That Turn-Key is not entitled to the relief prayed for in its Complaint or to any relief whatsoever;

(3) Declaring that U.S. Patent No. 5,045,268 is invalid;

(4) Declaring that U.S. Patent No. 5,045,268 is void;

(5) Declaring that U.S. Patent No. 5,045,268 is unenforceable;

(6) Declaring that U.S. Patent No. 5,045,268 has never been, and is not now, infringed by HML in this judicial district or anywhere in the United States;

(7) That no damages or royalties are due or owing by HML for any of the acts alleged by Turn-Key in the Complaint;

(8) Declaring that this is an exceptional case under 35 U.S.C. § 285; and

/////
/////
/////
/////
/////

1     (9) Awarding HML its costs, attorney's fees, and
2 disbursements and such other and further relief as the Court may
3 deem just and proper.

                                        Respectfully submitted,

Dated: October 14, 1999         _____/s/ Robert C. Longstreth_____
                                Robert C. Longstreth
                                (State Bar No. 141714)
                                GRAY CARY WARE & FREIDENRICH LLP
                                401 B Street, Suite 1700
                                San Diego, California 92101-4297
                                Telephone:      (619) 699-4718
                                Facsimile:      (619) 236-1048

                                Attorneys for Defendant
                                MAXELL CORPORATION OF AMERICA

                                Of Counsel:
                                John C. Altmiller
                                Brian M. Koide
                                (State Bar No. 191852)
                                KENYON & KENYON
                                1500 K Street, N.W., Suite 700
                                Washington, D.C. 20005-1247
                                Telephone:      (202) 220-4200
                                Facsimile:      (202) 220-4201

**PROOF OF SERVICE BY FEDERAL EXPRESS**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within cause. My business address is Gray Cary Ware & Freidenrich, 401 B Street, Suite 1700, San Diego, California 92101-4297.

I served the below listed document(s) described as:

***ANSWER AND COUNTERCLAIM and DEMAND FOR JURY TRIAL***

on October 14, 1999 on the following parties to this cause by Federal Express delivery of a copy of the above document(s) as follows:

| | |
|---|---|
| Douglas E. Olson, Esq.<br>Stephen S. Korniczky, Esq.<br>Lyon & Lyon LLP<br>4225 Executive Square, Suite 800<br>La Jolla, CA 92037 | Sandeep Seth, Esq.<br>Litigation & Trial Counsel<br>TURN-KEY-TECH, LLC<br>9930 Mesa Rim Road<br>San Diego, CA 92121 |

The Federal Express was deposited as described above at 401 B Street, Suite 1700, San Diego, California 92101-4297.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 14, 1999, at San Diego, California.

_June L. Green_
June L. Green